UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATHANIEL M. WILLIAMS.,

      Plaintiff,

v.

VEGAS VENTURE 1 LLC, et al.,

      Defendant(s).

Case No.: 2:20-cv-02022-KJD-DJA

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  (ECF No. 1).  Plaintiff also submitted a complaint.  (ECF No. 1-1).

**I.   *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 1).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.  The Court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*

*v. Williams*, 482 U.S. 386, 392 (1987).  In this case, Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964 and Section 1981 along with additional Nevada law claims.  *See* Compl. (ECF No. 1-1).  Claims under Title VII and Section 1981 invoke the Court's federal jurisdiction while the state law claims would fall under supplemental jurisdiction.

Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim.  In order to state a Title VII discrimination claim, Plaintiff must allege that: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (citing *Kang v. U. Lim Am., Inc*., 296 F.3d 810, 818 (9th Cir.2002)). See 42 U.S.C. § 2000e–3(e).

To his Complaint, Plaintiff attaches the dismissal and right to sue issued by the EEOC on July 31, 2020.  The Court may take judicial notice of this document.  *See*, *e.g., Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (finding that "court[s] may take judicial notice of 'records and reports of administrative bodies' "), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Mazzorana v. Emergency Physicians Med. Grp., Inc.*, 2:12–cv–01837–JCM–PAL; 2013 WL 4040791, at *5 n.3 (D. Nev. Aug. 6, 2013) (taking judicial notice of EEOC proceedings and documents submitted therein).  Within 90 days of receipt of the dismissal and right-to-sue letter from the EEOC, an individual may file a lawsuit against the respondent under federal law based on Title VII in federal or state court.  29 C.F.R. § 1601.28(e)(1).  Plaintiff filed this action within 95 days of the right to sue notice and thus, the Court will find it to be timely.

However, Plaintiff's Complaint seeks to state claims against individual defendants.  There is no individual liability for discrimination under federal law.  *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding individual defendants cannot be liable for damages under Title VII and ADEA).  Rather, Plaintiff may only bring suit against the employer entity, who may be found liable for the actions of its employees under the respondeat superior theory of liability.

Additionally, Plaintiff's Title VII and Section 1981 claims lack sufficient factual allegations for the Court to find that he can state a plausible claim for relief. His complaint appears to just set forth sections of damages he seeks to recover rather than each individual claim and the law in which his claim is based. For the reasons stated above, the complaint does not state a claim for which relief can be granted under either Title VII or Section 1981 and it is not clear what state law claims Plaintiff is attempting to pursue. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes that he can state a claim.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend. Plaintiff will have until **December 3, 2020**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in

an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: November 3, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE