1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   NATHANIEL M. WILLIAMS.,

10          Plaintiff,

11   v.

12   VEGAS VENTURE 1 LLC, et al.,

13          Defendant(s).

Case No.: 2:20-cv-02022-KJD-DJA

**ORDER**

14      Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has been

15   granted authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  (ECF No. 4).

16   Plaintiff's complaint (ECF No. 1-1) was dismissed without prejudice and he was granted leave to

17   amend.  On December 4, 2020, Plaintiff filed an Amended Complaint (ECF No. 6), which the

18   Court will now screen.

19      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

20   complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the

21   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

22   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

23   When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

24   complaint with directions as to curing its deficiencies, unless it is clear from the face of the

25   complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

26   F.3d 1103, 1106 (9th Cir. 1995).

27      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

28   for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

1

essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In this case, Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964 and Section 1981 along with additional Nevada law claims.  *See* Amended Compl. (ECF No. 6).  Claims under Title VII and Section 1981 invoke the Court's federal jurisdiction while the state law claims would fall under supplemental jurisdiction.

Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim.  In order to state a Title VII discrimination claim, Plaintiff must allege that: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (citing *Kang v. U. Lim Am., Inc*., 296 F.3d 810, 818 (9th Cir.2002)). See 42 U.S.C. § 2000e–3(e).

Plaintiff filed this action within 95 days of the right to sue notice and thus, the Court will find it to be timely.  He asserts federal and state law claims including against individual defendants. Plaintiff's Amended Complaint is difficult to parse out and some of his claims may be subject to dismissal.  However, the Court finds that the factual allegations are sufficient at this point to survive screening.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court shall issue Summons to Defendants and deliver the same to the U.S. Marshal for service.  The Clerk of the Court shall also deliver a copy of the amended complaint (ECF No. 6) to the U.S. Marshal for service.

2. Plaintiff shall have thirty days in which to furnish the U.S. Marshal with the required Form USM-285.[1]  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

3. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

4.   From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

Dated: December 16, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE