UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHANIEL M. WILLIAMS,<br><br>                      Plaintiff,<br><br>    v.<br><br>VEGAS VENTURE I LLC, *et al.*,<br><br>                      Defendants. | Case No. 2:20-cv-2022-KJD-DJA<br><br>ORDER |

Presently before the Court is Defendants' Motion to Dismiss (#11). Plaintiff filed an untimely response in opposition (#11) to which Defendants replied (#14).

I. Background

The procedural background and prolix allegations of the amended complaint can be boiled down to a few succinct relevant sentences. Defendant was employed by the business defendants as a chef. Defendant had disputes in the workplace with other co-workers and/or subordinates. On the evening of September 23, 2018, he contacted his supervisor by text about his issues, shortly before his graveyard shift began. He made a statement that another co-worker was " . . . bout his ass beat for playin mind games with a real ass rap artist [sic] [.] " Defendant was terminated the next day.

Plaintiff's amended complaint continually references a NERC/EEOC complaint, which Plaintiff attached to his opposition to the motion to dismiss. The NERC/EEOC complaint is the most cogent of the documents or briefs filed by Plaintiff. Plaintiff's complaints and opposition are replete with not credible and not relevant assertions such as individual defendants stalking him by entering his mind and "remote viewing" his location by looking through his eyes. Further, Plaintiff asserts that many/all of defendants have engaged in a conspiracy forcing his girlfriend, social media star Jena Frumes, to date musician and entertainer Jason Derulo, thereby

interfering in his relationship with her. These assertions do not rise to the level of plausibility required by Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). However, the Court, construing Plaintiff's *pro se* pleading liberally as it must, has been able to tease out one cause of action. Plaintiff asserts that he is being retaliated against by his former employer for reporting workplace discrimination. Plaintiff asserts that the retaliation occurred when his former employer telephoned prospective employers and told them not to hire him.

Plaintiff asserts that this post-termination retaliatory conduct occurred between September 25, 2018 and October 19, 2018. Plaintiff 's attached EEOC charge of discrimination does not allege that he reported Defendants' alleged discriminatory conduct until April 3, 2019. Defendants' motion to dismiss asserts that Plaintiff's complaint must be dismissed for the following reasons: (1) Plaintiff failed to timely file his complaint in accordance with 42 U.S.C. § 2000e, *et. seq*.; (2) Plaintiff fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and (3) Plaintiff failed to meet the Court's deadline to file an amended complaint.[1]

II. Standard for a Motion to Dismiss

A complaint must contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.

---

[1] Given Plaintiff's *pro se* status, his failure to meet the Court imposed deadline by one day is excused in the absence of any other evidence of prejudice to the Court or Defendants.

at 570).

III. Analysis

    A. Title VII and 42 U.S.C. § 1981 Claims

To bring a Title VII claim in federal court, a plaintiff must exhaust administrative remedies by "filing a timely charge with the EEOC, or the appropriate state agency," which allows the agency "an opportunity to investigate the charge" and "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002) (citing B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002); EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994)). "Although allegations of discrimination not included in a plaintiff's EEOC charge generally may not be considered by a federal court, . . . jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id.

Further, Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him that he has ninety days to bring a civil action. See 42 U.S.C. § 2000e–5(f)(1) ("If a charge filed with the [EEOC] ... is dismissed by the [EEOC], ... the [EEOC or otherwise appropriate entity] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought."); Payan v. Aramark Mgmt. Servs., 495 F.3d 1119, 1121 (9th Cir. 2007). This ninety-day period operates as a limitations period. See Scholar v. Pac. Bell, 963 F.2d 264, 266–67 (9th Cir. 1992). If a litigant does not file suit within ninety (90) days "[of] the date EEOC dismisses a claim," then the action is time-barred. Id. Therefore, ascertaining the date on which the limitations period begins is crucial to determining whether an action was timely filed.

The start of the limitations period is measured from the date on which a right-to-sue notice letter arrived at the claimant's address of record. See Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir.1997); Scholar, 963 F.2d at 267. Where that date is known, the Court deems the claimant to have received notice on that date, regardless of whether the claimant

personally saw the right-to-sue letter. See Nelmida, 112 F.3d at 384 (measuring the limitations period from the post office's first attempted delivery at the claimant's address); Scholar, 963 F.2d at 267 (calculating the ninety-day period from the date on which the EEOC letter was "received and signed for by [the petitioner's] daughter").

Here, Plaintiff has asserted in his complaint that he received the letter, dated March 3, 2020, on July 31, 2020. In response to Defendants' motion to dismiss, he does not clarify his argument at all. Failure to file points and authorities in response to a motion to dismiss may be deemed acquiescence to the granting of the motion. See Local Rule 7-2(d). Even though he repeatedly states in his opposition that all NERC/EEOC documents have been attached as exhibits, it is clear that he has only attached partial copies of his charge of discrimination and a partial copy of his right-to-sue letter. Defendants having challenged the timeliness of his complaint have shifted the burden to Plaintiff to demonstrate that he adequately exhausted his administrative remedies.

Plaintiff alleges that he received the March 3, 2020 right-to-sue letter on July 31, 2020. However, his bare, unexplained assertion is not enough to overcome the presumption that the right-to-sue letter was received three days after mailing on March 6, 2020. See Payan, 495 F.3d at 1125 (adopting a three-day presumption). Accordingly, Plaintiff's complaint had to be filed by June 1, 2020. With no explanation from the plaintiff, it is clear to the Court that Plaintiff's assertion that he received the right-to-sue on July 31, 2020 is not true—and is asserted only to justify his filing of the complaint five (5) months late on November 2, 2020.

Accordingly, Plaintiff's complaint is untimely. Plaintiff failed to exhaust his administrative remedies and it must be dismissed. Further, any non-retaliation claims must be dismissed because Plaintiff provided no proof that they were included in a charge of discrimination filed with NERC or the EEOC. Finally, to the extent that Plaintiff's 42 U.S.C. § 1981 claims survive Plaintiff's failure to exhaust his administrative remedies, they must be dismissed because they are factually insufficient. To state a claim for retaliation a plaintiff must allege that: (1) "[ ]he engaged in a protected activity"; (2) his employer "subjected [him] to an adverse employment action"; and (3) there is a causal link "between the protected activity and

the adverse action." <u>Poland v. Chertoff</u>, 494 F.3d 1174, 1179–80, 1180 n.1 (9th Cir. 2007) (Title VII retaliation claim); <u>Surrell v. Cal. Water Serv. Co.</u>, 518 F.3d 1097, 1107-1108 (9th Cir. 2008) (applying same standard to a §1981 claim). Plaintiff's allegation that Defendants retaliated against him for a complaint of discrimination that was not made until after the retaliatory conduct occurred do not meet the causal requirement. Therefore, the retaliation claims under § 1981 and Title VII are dismissed. The Court has already granted Plaintiff leave to amend these claims, but Plaintiff failed to correct the notable deficiencies in the complaint, giving Plaintiff a second bite would be futile.

### B. Supplemental Jurisdiction over Remaining State Law Claims

A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law. <u>See</u> 28 U.S.C. § 1367(c). Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#11) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Title VII and 42 U.S.C. § 1981 claims are **DISMISSED with prejudice**;

IT IS FURTHER ORDERED that Plaintiff's supplemental state law claims are **DISMISSED without prejudice to refiling in state court**.

DATED this 31st day of August 2021.

_____
The Honorable Kent J. Dawson
United States District Judge